# In the Matter of a MINOR CHILD

High Court of American Samoa
Trial Division

JUV No. 67-92

February 16, 1993

Before RICHMOND, Associate Justice, MATA'UTIA, Associate Judge, LOGOAI, Associate Judge.

Counsel:      For Petitioners, Afoa L. Su'esu'e Lutu

The petitioners in this proceeding seek to relinquish their parental rights to pave the way for their son's adoption by his paternal grandfather.

The petitioners are married, in their twenties, and have two young children, a two-year-old son who is the subject of this proceeding and a recently born infant. Both husband and wife are healthy and employed with promising futures in the educational field. The paternal grandfather is a recent widower. He is 50 years of age and medically retired, relying on Social Security benefits for his income.

The child has lived much of the time since he was two months old with his paternal grandparents and apparently developed a strong relationship with them. It is also true, however, that while his parents do have a separate household, they, their children and the now-widowed, paternal grandfather essentially live together in the same home.

Relinquishment of parental rights must be based in very substantial part on the best interests of all persons concerned. A.S.C.A. § 45.0402(e). The adoption proposed in this situation may enhance the paternal grandfather's Social Security benefits and, thus, the entire family's overall income. However, the longer-term best interests of this child of tender years are not served through legal severance of his natural

relationships with his parents and younger sibling to be raised by an older, single parent who is in poor health.

The love and affection between grandson and grandparent can be maintained. In fact, this child may reside more or less permanently with his grandfather, if all concerned so desire. Eventually, however, full and intimate familial contacts with his immediate family, even if disrupted to some extent in the nearer term, will and should resume of necessity.

The petition should be and is denied. It is so ordered.